68   131<br>68   867

## Michael Brassel v. Fred Troxel et al., for use, etc.

1.  CHOSES IN ACTION—*Assignment of.*—Choses in action may be assigned, and courts of law will recognize and protect the rights of the assignee, whether the assignment be good at law or in equity only.

2.  CONTRACTS—*Insolvency of Parties to.*—A contract remains binding notwithstanding the insolvency of one of the parties, so long as such party is able and willing to perform on his part.

Transcript, from a justice of the peace.   Appeal from the Circuit Court of Iroquois County; the Hon. THOMAS F. TIPTON, Judge, presiding.   Heard in this court at the May term, 1896.   Affirmed.   Opinion filed December 9, 1896.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellant.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This suit was by appellees, Troxel and Hari, for the use of Wanzer & Co., originally commenced before a justice of the peace, and on appeal to the Circuit Court it was tried by the court without a jury and there was finding and judgment for the appellee for one hundred and twenty dollars.

The cause of action was based on a contract entered into between appellant and appellees, Troxel and Hari, July 24, 1894, whereby the appellant agreed to deliver to the appellees, at their elevator at Cissna Park, twelve hundred bushels of corn at the price of forty cents per bushel during the month of August of the same year.

The contract was first assigned by appellees to Jacob Kropp, August 22, 1894, and then by him and Troxel and Hari to Wanzer & Co.

Arrangements were made by appellees with each of them, to receive and pay for the corn when delivered.

Troxel and Hari became insolvent August 22, 1894, and up to that time, the evidence tends to show, were ready, able and willing to receive and pay for the corn at any time that it might have been delivered.

The assignment was then made to Kropp as above stated, and on the 24th of August he, or Troxel and Hari, assigned the contract to Wanzer & Co.

The evidence further tends to show that the respective assignees of the contract, during the time they held it, were ready, able and willing to receive and pay for the corn at the contract price, had it been delivered.

It is insisted by appellant that the respective assignments above named were not made upon any of those considerations which enter into legitimate business transactions, and were made without consideration, and, in fact, that the contracts were not assignable, and that there was no mutuality between the appellant and the assignees for the reason that the latter were not bound to take the corn.

We are of the opinion that these contentions can not be maintained on the part of the appellant.

In the first place the evidence tends to show that there

Brassel v. Troxel.

was a valuable consideration for the assignments, and in the next place it is not a matter that very much concerned the appellant so long as the appellees and their respective assignees were ready, able and willing to receive the corn according to the contract, and pay for it on delivery.

The law recognizes the right of an assignment in a chose in action, and formerly at common law an assignment was prohibited "and the doctrine of equitable assignment has been gradually extended to meet the convenience of trade and business, and has been favorably viewed in the courts of law, subject, however, to the legal principle that in such cases the assignee can enforce his claim only in the name of the assignor, unless there has been an express promise by the debtor to pay the assignee. Under this limitation choses in action generally may be the subject of an assignment, and debts which are contingent, and money yet to become due, may well be assigned, these circumstances only operating to postpone the liability of the debtor until the contingency happens and the money becomes payable." Vol. 1 Waite's Act. and Def., 356, and cases cited.

In this case there was no question of personal trust between appellant and Troxel and Hari, for the assignee could as well receive the corn and pay for it as the appellees. In one sense they may be regarded as the agents of the latter to fulfill their part of the contract by receiving and paying for the corn, the liability all the time remaining on the part of the appellees to fulfill the contract according to its terms, as they had not been released by the appellant.

The rights of the assignees will be protected by the courts. Savage v. Gregg, 150 Ill. 167.

Another point made is, that the appellant was released from the obligation of his contract with Troxel and Hari, by reason of the fact that the latter had become insolvent.

We do not understand this to be the law.

The contract remains binding, notwithstanding the insolvency of one or both of the parties, so long as they are able and willing to perform on their part.

A party may protect himself against the insolvency of

the other party by taking security for its performance on his part, but the contract does not lack mutuality because one of the parties might be unable to pay damages for failure to perform on his part.

The liability of the insolvent is the same to pay damages, notwithstanding they might not be collectible on execution.

The appellant failed to deliver the corn according to the contract, and the evidence shows that appellees and their respective assignees were able, ready and willing at all times during the month of August, when the corn was to have been delivered, to receive and pay for it; and it further shows that corn was worth ten cents a bushel more at the expiration of the time when it should have been delivered than the contract price.

The finding and judgment of the Circuit Court was, therefore, correct.

Seeing no error in the record, the judgment of the Circuit Court is affirmed.